WATERMAN (COCHRANE v.). See Case No. 2,929.

WATERMAN (McCALLON v.). See Case No. 8,675.

---

## Case No. 17,258.

### WATERMAN v. MERRILL.

[2 Abb. U. S. 478, note.] [1]

Circuit Court, E. D. Michigan. June Term, 1870.

EQUITY—AMENDMENT OF ANSWER—MISTAKE.

[The court will not allow the theory of defense set up by the original answer to be changed in several important particulars merely on the ground that defendant filed the answer under a mistake, when no new facts are alleged, and there is no request to have a single fact in the bill changed.]

[In equity. On motion to amend the answer on the ground of mistake.]

LONGYEAR, District Judge, after stating the facts, and the rules of the court relating to pleadings, proceeded: "It will be observed that the proposition to amend is based exclusively upon the ground of mistake in points of law. Notwithstanding some dicta of the courts to the contrary, the rule seems to be well settled that amendments will not generally be permitted to be made where the application is based solely on the ground that the defendant, at the time he put in his answer, was acting under a mistake in point of law; and not on the ground of a fact having been incorrectly stated. Mr. Barbour (1 Ch. Prac. 164) goes so far to say 'the court has never permitted amendments to be made' under such circumstances; and Mr. Story (Eq. Pl. § 897) says, 'A distinction has also been made between the admission of a fact and the admission of a consequence in law or in equity.' I will not go so far, however, as to hold, that in no case would an amendment be allowed to be made in the admission of a legal or equitable consequence. Take a case of newly discovered facts, or of a mistake in the facts, in which such facts or such mistake would change the entire legal and equitable aspects of the case. Upon an amendment being allowed to the answer setting up such new facts, or correcting such mistake, the court would no doubt at the same time allow an amendment as to the admission of such legal and equitable consequences. But in the case at bar, without asking to have a single fact in the bill changed, or a single new fact alleged, the court is asked for leave to change the theory of defense set up and admitted by the original answer, in several important particulars. I do not think a case can be found in which this has been allowed to be done."

[This case was originally published in 2 Abb. U. S. 478, as a note to Hoover v. Reilly, Case No. 6,677.]

---

[1] [Report by Benj. Vaughn Abbott, Esq., and here reprinted by permission.]